UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRISTIAN SANCHEZ-MATUTE (A-220-575-436),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-7154 TLN CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Cristian Sanchez-Matute (A-220-575-436), a native and citizen of Honduras who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and that petitioner be immediately released.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras. (ECF No. 6-3 at 1.) Petitioner entered the United States on or about August 23, 2021, at which time he was not admitted or paroled after

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

inspection by an immigration officer.[2] (ECF No. 6-1 at 1; ECF No. 6-3 at 1.) Petitioner submitted an application for asylum, which was denied.[3] (ECF No. 1 at 6.) On July 27, 2026, petitioner was arrested by the Irving, Texas Police Department for driving while intoxicated/open container in violation of Texas Penal Code 49.04(c), a misdemeanor. (ECF No. 6-4 at 5.) On August 4, 2026, petitioner was charged with driving while intoxicated in violation of Texas Penal Code 49.04, a misdemeanor. (Id.) Whether this charge is still pending is not clear from the record. (See id.) On August 8, 2026, custody of petitioner was transferred from the Irving, Texas Police Department to U.S. Immigration and Customs Enforcement ("ICE").[4] (ECF No. 6-1 at 2.) On August 8, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[5] (ECF No. 6-3 at 1-4.) The Notice to Appear charged petitioner with violating INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id. at 1.)

Petitioner has remained in ICE detention since August 8, 2026. (ECF No. 1 at 2, 4.)

## II. PROCEDURAL BACKGROUND

On September 8, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On September 9, 2026, the district court referred this action to the assigned magistrate judge. (ECF No. 3.) On September 20, 2026, respondent filed a reply to the petition. (ECF No. 6.) Petitioner did not file a response to the reply. (See Docket.) Briefing is complete.

---

[2] The Notice to Appear and Form I-213 state that petitioner entered the country without inspection on August 23, 2021. (ECF No. 6-1 at 1; ECF No. 6-3 at 1.) However, the Form I-213 also states that petitioner "had an encounter with Border Patrol on 08/23/2001 that resulted in NTA." (ECF No. 6-1 at 3.) While this statement appears to be an error, this Court need not resolve the discrepancies between the Notice to Appear and Form I-213 regarding the date petitioner entered the country and whether petitioner was admitted with or without inspection, as these discrepancies do not impact the outcome of these findings and recommendations.

[3] Respondents do not dispute this claim made in the verified petition. (See ECF No. 6.)

[4] In the petition, petitioner states that he was detained on August 9, 2026. (ECF No. 1 at 4.) The Form I-213 indicates that petitioner was detained on August 8, 2026. (ECF No. 6-1 at 2.)

[5] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)( (INA § 235(b)(1)).

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). The petition raises two claims. In claim one, petitioner states that he was detained after his arrest for driving under the influence and has since been transferred to different facilities. (ECF No. 1 at 6.) In claim two, petitioner states that he is trying to achieve legal status and his detention has put a pause on his efforts. (Id.) Elsewhere in the petition, petitioner states that he has not received a bond hearing since being detained. (Id. at 2.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as raising a statutory claim under the INA. In the reply, citing Rodriguez Vasquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), respondents state that petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 6 at 1.) Respondents state that petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a) and respondents do not oppose the court ordering one be set. (Id.) Based on respondents' argument in the reply, there is no prejudice to respondents in the Court's construction.

In Rodriguez Vazquez, the Ninth Circuit concluded that noncitizens "present without

admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.3d at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

This Court finds that petitioner is detained under § 1226(a). "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As such, petitioner should have received a bond hearing at the outset of his detention. Accordingly, this Court recommends that the petition be granted as to the statutory claim.

**V. PETITIONER'S REMAINING CLAIMS**

Because the Court recommends granting the petition on the statutory claim, the Court

need not address the remaining claims raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to the statutory claim.

**VI. REMEDY**

Respondents do not argue that petitioner is a flight risk or danger to the community. (See ECF No. 6.) Considering § 1226(a)'s discretionary detention framework, this Court finds that an order directing respondents to immediately release petitioner is the appropriate remedy. See Alejandro R.R. v. Warden, Mesa Verde Detention Facility, No. 1:26-cv-02775 TLN AC, 2026 WL 1707054 (E.D. Cal. Jun. 12, 2026), findings and recommendations adopted, 2026 WL 1804380 (E.D. Cal. Jun. 23, 2026) (granting release of petitioner released into ICE custody following completion of criminal sentence for misdemeanor driving under the influence on statutory grounds); Dicxon Jose P.C. v. Warden, California City Detention Facility, No. 1:26-cv-02658 TLN CSK, 2026 WL 1045516 (E.D. Cal. April 16, 2026) (granting release of petitioner released into ICE custody following completion of criminal sentence for misdemeanor driving under the influence on statutory and due process grounds); Jerzain L.R. v. Warden of the California City Correctional Center, et al., No. 1:26-cv-03296 TLN SCR, 2026 WL 1295801 (E.D. Cal. May 12, 2026) (granting release of petitioner who was arrested by ICE after appearing at state courthouse for pending driving under the influence case on statutory and due process grounds).

**VII. CONCLUSION**

This Court recommends that the petition be granted as to petitioner's statutory claim and that petitioner be immediately released.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to the statutory claim.

2. Respondents be ordered to IMMEDIATELY release petitioner Cristian Sanchez-Matute (A-220-575-436) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

matu7154.157.imm.RELEASE/2